13988

LERNER v. BLUESTEIN *ET AL.*

(178 S. E., 265)

*Mr. Jos. Fromberg,* for appellants,

*Messrs. W. D. McGowan* and *A. R. McGowan,* for respondent, 

January 29, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case, commenced in the Court of Common Pleas for Charleston County, by Etta Lerner, plaintiff, against J. S. Bluestein and Bessie Bluestein, defendants, August 24, 1932, is an action for recovery against the defendants, judgment in the sum of $1,500.00, together with interest at the rate of 7 per cent. per annum from May 3, 1932, based upon a note alleged to have been executed in writing, for value received, by the defendant J. S. Bluestein unto the plaintiff for the sum of $1,500.00, bearing date May 3, 1931, and that prior to the delivery of the said note and at the time of the execution of the same the defendant, Bessie J. Bluestein indorsed the same; it being alleged further that the said obligation is past due and no part of said amount has been paid, and, further, that payment has been refused. In their answer the defendants, omitting the formal parts, interposed the following defense:

"First: That the Defendants deny each and every allegation contained in the complaint not hereinafter specifically admitted.

"Further answering and for a further defense to the said complaint, the defendants allege:

"Second: That they admit the execution of the promissory note therein referred to and the endorsement thereof, but allege that there was no consideration given by the Plaintiff or any other person for the said note sued upon in said Com-

plaint to the Defendants or to any other person and that the said note therein sued upon is *nudum pactum* and null and void, and that the Defendants are not indebted thereon."

The case was tried at the April, 1934, term of said Court before his Honor, Judge A. L. Gaston, and a jury, resulting in a verdict against the defendants for the plaintiff for the full amount due on said note, directed by the trial Judge. From judgment entered on said verdict, the defendants, pursuant to due notice, have appealed to this Court.

The exceptions imputing error to the trial Judge will be considered in the order presented.

"Exception 1. The Presiding Judge erred in overruling motion of the Defendants for leave to amend the answer by adding an additional defense, setting out the facts and circumstances attending the execution of the note in question and the circumstances attending execution of the note in question and the representations made by the Plaintiff to secure the execution of the note, the subject matter of the above entitled action; the error assigned being, that the defense proposed to be set up was relevant and material to the issue in the case, and Defendants had the right to plead said defense, as a result of matters and things disclosed in the testimony at another trial mentioned in the evidence, and Defendants by such ruling were deprived of a valid and legitimate defense, and of the opportunity to offer relevant and material evidence."

This exception cannot be sustained. Pursuant to notice, when the case was called for trial, the defendants asked for an order to the following effect: "Allowing the Defendants herein leave to amend the Answer served and filed in this case, by adding an additional defense, setting out the facts and circumstances attending the execution of the note in question and the representations made by the Plaintiff to secure the execution of the note, the subject matter of the above entitled action."

It will be observed that the defendants did not set out the allegations they desired to allege in the proposed amended answer. It further appears from the defendants' motion that the only additional matters sought to be alleged by the defendants were, for the most part, evidentiary matters and not proper to be set out in an answer. Further, it appears to the Court that under the original answer of the defendants the defendants had the right to introduce evidence on all matters material to the case. We therefore think that his Honor, the trial Judge, properly refused defendants' motion to amend, and the exception is overruled.

"Exception 2. The Presiding Judge erred in overruling Defendants' motion for a continuance made upon the ground of the absence of the Defendant J. S. Bluestein by reason of illness in the hospital, which said motion was supported by a Doctor's certificate; the error assigned being that said Defendant was the only witness by whose testimony the circumstances attending the execution of the note in question could be made out, and one of the Defendants whose assistance to his Counsel was essential to proper defense, and no negligence in procuring the attendance of such witness was shown nor was there time to take his testimony."

"Doctor's Certificate
"St. Francis Xavier Infirmary
"Cor. Calhoun St. and Ashley Avenue,
"Charleston, S. C.
"April 2, 1934.
"Mr. Joseph Bluestein confined to bed at above infirmary with Hypertensive Disease, Coronary Sclerosis and Hypertrophied Prostate, and under observation and treatment by me. At present not able to attend to any business.
"[Signed] Kivy I. Pearlstine."

Motions for continuance are, of necessity, left to the discretion of the trial Judge, and, unless there is a clear abuse of discretion, this Court will not interfere in the action of

a trial Judge in refusing a motion to continue. It is clear that the defendants failed to comply with Rule 27 of the Circuit Court in connection with the motion, having failed to submit the requisite affidavit with a statement of facts as to what the defendant, Mr. Bluestein, would have testified to had he been present. If such statement had been presented, the trial Judge could have required the plaintiff to agree to the introduction of the same or to a continuance of the case. As to the position that the presence of Mr. Bluestein was needed by way of assistance to counsel for the defendants in conducting the case, we call attention to the fact that counsel having, as appears from the record, appeared for the defendants just a short time before in a trial on a similar note between the parties, must have been familiar with the transaction and really did not need the assistance of Mr. Bluestein on the occasion in question, either in conducting the trial or in the preparation of a statement of facts to be presented to the Court as to what Mr. Bluestein would have testified to had he been present. At any rate, we cannot hold that the trial Judge, under the circumstances, committed an abuse of discretion in refusing to grant the motion for a continuance. The exception is therefore overruled.

"Exception 3. The Presiding Judge erred in overruling Defendants' objection to the admission of the assignment dated March 26, 1934; the error assigned being that said assignment, constituting a matter which was essential to plaintiff's right to maintain this action, and having transpired and occurred after the commencement of the action, was not admissible in evidence without the filing of a supplemental complaint.

"Exception 4. The Presiding Judge erred in overruling Defendants' motion for a non-suit; the error assigned being:

"(a) The testimony shows that the note sued upon was without consideration and *nundum pactum*, in view of the fact that Defendants received no proper receipt for or protection from suit on the original Two Thousand ($2,000-

.00) Dollar note, and the same was not extinguished in law by the money of the note sued on.

"(b) It appears from the evidence that there were heirs of the owner and holder of the original Two Thousand ($2,-000.00) Dollar note who were not made parties to the action and whose rights were not barred by the transaction in which the note sued on was given in lieu of the original Two Thousand ($2,000.00) Dollar note.

"(c) It appears from the testimony that the plaintiff, although obligee in the note sued on, was not the owner and holder of the indebtedness evidenced thereby, and that no administration has been had upon the estate of the obligee in the original Two Thousand Dollar note, and that Defendants are left subject to possible double payment of the indebtedness which the various notes were intended and purport to represent.

"(d) The evidence fails to show that the plaintiff had any legal right to collect the original Two Thousand ($2,-000.00) Dollar note from the Defendant at the time when the note sued on was given to the Plaintiff, and the evidence found shows that no administration has yet been taken, and no steps to possible creditors of the original obligee, and that Plaintiff was not and is not the sole heir at law and distributee of the original obligee of the Two Thousand ($2,000.00) Dollar note and indebtedness."

"Exception 5. The Presiding Judge erred in directing the verdict for the Plaintiff, the error assigned being that there was sufficient evidence to submit the case to the Jury on the issues in the case, or the verdict should have been directed in favor of the Defendants."

The above exceptions, 3, 4, and 5, we shall consider together.

As stated in the transcript of record, it appears from the testimony on the part of the plaintiff that Joseph Lerner, husband of the plaintiff, died January 16, 1931; that prior to the death of the said Joseph Lerner,

the defendant, J. S. Bluestein, borrowed from him the sum of $2,000.00, giving his note therefor; that the said Joseph Lerner left surviving him as his sole heirs at law and distributees his widow, the said Etta Lerner, plaintiff herein, and five adult children; that his estate was not administered upon and there are no legal representatives of the said estate. It further appears from the record in the case that the plaintiff called upon the defendant, J. S. Bluestein, after the death of her said husband, and represented to the said defendant herself to be the owner of the said $2,000.00 note given to the said Joseph Lerner; whereupon the said J. S. Bluestein, instead of paying the said note, delivered to the plaintiff two other notes in lieu thereof, one for $500.00 and the other for $1,500.00, the latter being the note upon which this action is based, and received from the plaintiff the said $2,000.00 note at the time referred to. It further appears from the testimony that there is no indebtedness against the estate of the plaintiff's said husband, she having paid all claims prior to the commencement of this action, and further that her children, constituting the other heirs of her said husband's estate, entered into a verbal agreement with her whereby they gave unto her all interest that they had in the said notes, that is, the said $2,000.00 note and the other notes, the $500.00 and $1,500.00 notes which were executed by the defendants upon surrender to the defendants of the said $2,000.00 note. It also appears from the testimony that after the commencement of this action the said children, referred to above, all of whom were of age at the time of the death of their said father, executed a written instrument to the effect that they had given unto their mother all interest in the said notes, and this instrument of writing the plaintiff introduced in evidence on the trial of the case for the purpose, it appears, of showing what the said children had previously agreed to regarding the said note or notes, the said instrument of writing being dated March 26, 1934, which as stated, was

after the commencement of the action herein. The said assignment, it seems, was simply a confirmation and a written acknowledgment of the prior gift the said children made to their mother. When the plaintiff took the $2,000-.00 note to the defendant, J. S. Bluestein for collection, she, according to the testimony in the case, stated that she was the owner of the same, and she delivered the said $2,000.00 note and surrendered possession of the same to the defendant, J. S. Bluestein upon his execution and delivery to her of the said $500.00 note and $1,500.00 note which were made payable to her, with knowledge acquired at the time that she claimed to be the owner of the said $2,000.00 note. A written instrument is not required under the law to make a gift of personal property, and it was not necessary to introduce this written instrument at all, but we fail to see how or in what manner the defendants were prejudiced by the introduction of the same. In this connection we call attention to the fact that the trial Judge ordered this instrument duly recorded as a matter of protection against any possible claim in the future on the part of the plaintiff's said children.

As to the contention of the appellants, that the plaintiff's complaint should have contained an allegation to the effect that there were no debts against the said estate and also an allegation to the effect that the plaintiff's children had given to her their interest in the property in question, and that in the absence of such allegations the testimony objected to was not admissible, our answer is that the plaintiff's complaint should have contained such allegations, but that, in view of the fact that the record discloses that the defendants had knowledge of the facts and circumstances pertinent to the action, we think the defendants were not prejudiced in the respect complained of. We wish to state further that, under the circumstances of the case, in our opinion, there was no necessity for filing a supplemental complaint alleging the facts referred to. In this

connection we call attention to the fact that the defendants offered no testimony, although the defendant, Bessie Bluestein, indorser of the note, was present at the trial and also present at the execution of the note, and must of necessity have known the facts and circumstances surrounding the transaction. Again we call attention to the fact that the said past-due note of $2,000.00 was accepted by the defendant J. S. Bluestein in exchange for the said $500.00 note and $1,500.00 note, which latter-named notes were indorsed by the defendant, Bessie J. Bluestein, at the time of said transaction, and that the surrender of the said $2,000.00 note furnished consideration for the execution of the other two notes referred to. The trial Judge could not, under the record, grant defendants' motion for a nonsuit or direction of a verdict. Furthermore, in our opinion, the testimony warranted his honor in directing a verdict for the plaintiff for the full amount involved. The only reasonable inference to be drawn from the testimony warranted this action on the part of the trial Judge.

We wish to state further that under the facts of this case an administration was not necessary; there being no outstanding indebtedness against the said estate and the plaintiff being the sole owner of the property involved in the suit. The action could therefore be maintained against the defendants for a judgment on the note in question. See *Henegan v. Drake,* 146 S. C., 157, 143 S. E., 549; *Grant v. Poyas,* 62 S. C., 426, 40 S. E., 891; *Lanter v. Insurance Co.,* 114 S. C., 536, 104 S. E., 193; *Huson v. Wallace,* 1 Rich. Eq., 1; *Spann v. Jennings,* 1 Hill. Eq., 324.

The exceptions are overruled, and the judgment of the lower Court affirmed.

MESSRS. JUSTICES STABLER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE, concur.

MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON concurs in result.