16840

GURLEY v. MILLS MILL *ET AL.*
(80 S. E. (2d) 745)

*Messrs. Brown, Turner & Brown,* and *Johnson & Johnson,* and *James B. Stephen,* of Spartanburg, *for Appellant,*

*Messrs. Leon Moore* and *Thos. B. Butler,* of Spartanburg, *for Respondents,*

March 9, 1954.

Moss, Acting Associate Justice.

This is an appeal from an Order of the court below affirming the Industrial Commission that appellant who sustained an injury by accident arising out of and in the course of his employment with Mills Mill, was not entitled to recover benefits under the Workmen's Compensation Law, Code 1952, § 72-1 *et seq.,* for the injuries so received.

The facts are substantially as follows:

Appellant was an employee of Mills Mill and on May 28, 1948 he received an injury to his head and eye and was paid compensation for temporary total disability from the date of his injury until July 28, 1948, on which date he returned to work with his employer. He continued to work until March 27, 1949, on which date he resigned. Several Hearings were held before Commissioner Isaac L. Hyatt and on October 21, 1949 the Hearing Commissioner issued his award directing the payment to appellant of compensation for 40% general disability, and the sum of $1,000.00 for head or facial disfigurement.

The respondents in due time filed Notice and Grounds of Review by the Full Commission. This commission, composed of five members, heard the review on November 28, 1949, at which time appellant appeared in person and his disfigurement was viewed. Commissioner Isaac L. Hyatt participated in this review hearing but he did not vote or take any action on the appeal as a member of the Full Commission prior to the expiration of his term as Commissioner. He was succeeded on January 11, 1950 by Commissioner Faith Clayton. At the time Commissioner Hyatt left the commission no official action had been taken by the Full Commission on the appeal and the case was undecided. However on March 30, 1950 the Industrial Commission directed a letter to one of the Attorneys for the appellant wherein it is stated "This is to advise that the Commission has been unable to reach a decision in this matter. There is an equal split vote between the four of the commissioners. Former Commissioner Hyatt who was serving on the commission at the time of the review conducted in this matter failed to vote before he left the commission and his successor, Commissioner Clayton, we do not feel should vote in the case unless there is another review. Therefore, we are ordering this case to be reviewed again by the Full Commission."

Thereafter, the Commission fixed May 30, 1950 as the date for review by the Full Commission and appellant's counsel asked for a continuance and took the position that

"The Commission lacks jurisdiction to order the case reheard on account of the change in the personnel of the Commission and that the award under these circumstances (a two-two vote) is automatically affirmed by operation of law." A continuance was refused and the Commission proceeded to review the award in the absence of the claimant and his counsel. On October 23, 1951 the Full Commission by vote of three-two reversed the findings and holdings of the single commissioner and denied any compensation.

Thereafter, the claimant, appellant here, appealed the case to the Court of Common Pleas and same was heard before the Trial Judge, who by order dated November 19, 1953 reversed the commission and remanded the case to the commission for an award for disfigurement. He sustained the commission in denying any other compensation.

The matter comes before this court upon appeal from the ruling and decision of the Court of Common Pleas. The appellant states the questions involved to be three in number and we shall determine the questions as stated.

The appellant takes the position that since the Full Commission had already rendered a tie vote after hearing the review that this was tantamount to an affirmance˘ of the award under the circumstances.

The appellant urges upon this Court that we should follow the rule announced in the case of *Hutchinson v. Turner*, 88 S. C. 318, 70 S. E. 410, and *McAulay v. McAulay,* 96 S. C. 86, 79 S. E. 785. It is urged that under these cases that where this Court is composed of only four members and they equally divide, the judgment below is properly affirmed. Appellant overlooks the fact that these cases were decided upon the constitutional provision contained in Article 5, Section 12 of the 1895 Constitution of this State. The right of this court to affirm the lower court where there is an equal division in the vote stems from this constitutional provision. This provision is not applicable to

the Industrial Commission and only pertains to decisions of this Court.

It should also be noted that at the time of the hearing of the application for review there were five duly appointed members of the Commission. However, Commissioner Isaac L. Hyatt vacated his office prior to the rendition of any decision upon such review. Appellant urges that Commissioner Hyatt would have voted to affirm the award. Be that as it may he did not exercise his right prior to his separation from office. To hold that Commissioner Hyatt would have voted to affirm the award would be to engage in speculation and guess.

It is well settled that the duties and powers of a public office holder cease with his separation from office.

"The powers of a public officer normally cease on his separation from office. Former public officers do not even have authority to certify proceedings conducted before him while in office or to sign bonds which should have been signed by him while in office." 43 Am. Jur., 70.

In the case of *Bearden v. State,* 223 S. C. 211, 74 S. E. (2d) 912, 913, this Court, in discussing the right of the Governor of this State to pass upon the question of a parole, stated: "He was at liberty to exercise this function so long as he remained in office but could not bind his successor to do so."

Appellant also misconceives the effect of the letter of the Commission dated March 30, 1950. It is tacitly stated in this letter that "the Commission has been unable to reach a decision in this matter". Hence the letter cannot be construed as an affirmation of the award of the single commissioner. There was nothing else the Commission could do but reassign the case for another hearing. In so doing there was no error.

Appellant also asserts that the only reasonable inference to be drawn from the testimony is that he was entitled to an award for general disability as

found by the single commissioner. We do not deem it necessary to here review all of the testimony. It is sufficient to say that there was a direct conflict between the testimony offered in behalf of the claimant and that offered in behalf of the employer. This being true and the Industrial Commission being the fact finding body, both the Circuit Court and this Court can only review the facts to determine whether or not there was any evidence to support the findings of the fact finding body. There is evidence in the record sufficient in our judgment to sustain the findings of the Industrial Commission. This being true we are bound by such findings. *Buff v. Columbia Baking Co.,* 215 S. C. 41, 53 S. E. (2d) 879. *White v. Carolina Power and Light Co.,* 215 S. C. 25, 53 S. E. (2d) 872.

The appellant also alleges that the Industrial Commission was in error in denying the continuance requested by the claimant.

The Industrial Commission is a *quasi* judicial board and as such is vested with a wide discretion in procedural matters. *Schwartz v. Mt. Vernon-Woodberry Mill,* 206 S. C. 227, 33 S. E. (2d) 517.

The commission also is empowered under Section 72-59 of the 1952 Code of Laws of South Carolina to make rules for the carrying out of the provisions of the Workmen's Compensation Law and pursuant to this authority, the commission adopted Rule 14, which is found in Vol. 7, at page 700 of the 1952 Code of Laws of South Carolina, which said rule provides:

"After date for hearing has been set and all parties have been notified, the hearing will not be postponed except on strictly legal grounds, or when postponement will not disrupt the schedule previously arranged."

If the commission has no authority to pass such rules and regulate procedure and determine questions of continuance, it would be powerless to administer the Workmen's Compensation Law. Of necessity

it must be left to the commission to determine whether or not a case shall proceed to trial or be continued. The granting or refusal of a continuance rests in the sound discretion of the trial court and such discretion when exercised will not be interfered with unless abuse thereof is shown. *Lerner v. Bluestein,* 175 S. C. 59, 178 S. E. 265. *Poston v. Home Insurance Co.,* 191 S. C. 314, 4 S. E. (2d) 261, 123 A. L. R. 1451. There is no showing of abuse of discretion in this case.

The exceptions are overruled and the judgment of the lower Court affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.