21628

R. B. SPIRES, Appellant, v. MT. VERNON MILLS, COLUMBIA DIVISION, Respondent.

(286 S. E. (2d) 379)

*Lucy M. Knowles, of Harte & Hatcher,* Aiken, *for appellant.*

*Douglas McKay, Jr., of McKay, Sherrill, Walker & Townsend,* Columbia, *for respondent.*

January 18, 1982.

*Per Curiam:*

In this Workmen's Compensation Claim Case, both the single Industrial Commissioner and the Full Commission denied compensation to the appellant. Thereafter, the Circuit Court affirmed the action of the Commission. We are of the view that the Order of the Honorable John Grimball, Circuit Judge, dated September 21, 1979, properly sets forth and disposes of the issues now presented to this Court. Let his Order be herewith published as the directive of this Court.

## ORDER OF JUDGE JOHN GRIMBALL

This matter involves an appeal by the Claimant from an adverse award of the South Carolina Industrial Commission. The matter was heard by me in Columbia on 19th July 1979.

In this case the Claimant is seeking occupational disease benefits under the workmen's compensation law for byssinosis. The Claimant retired at age 65 on 30th September 1970 having worked for the Defendant-Respondent for over 26 years. Four or five years prior to his retirement, i.e., in 1965 or 1966, he experienced coughing and difficulty in breathing while at work which he attributed to cotton dust at his work. While the record does not show that he learned the specific name of the illness until 1976 when he filed his claim, he knew as far back as 1966 that something on the job was making him sick. The Employer switched from cotton to synthetic fibers four years prior to Claimant's retirement and he was not exposed to cotton dust after 1966.

The claim was initiated by filing of a Form 50 with the Industrial Commission on 12th March 1976. The Hearing

Commissioner by opinion filed 2nd February 1978 denied the claim.

The Hearing Commissioner denied the Claimant's claim for benefits on several grounds including, first, that he had not given notice within 30 days to the Employer as required by the provisions of the law then in effect that he was claiming an occupational disease. Next, he did not file claim for benefits with the Industrial Commission within one year after he knew he had the disease, and third, he did not have a compensable occupational disease under the law in effect at the time.

Pulmonary diseases are especially treated under the occupational disease provisions of the workmen's compensation law in effect from 1965 to 1970, the time of Claimant's retirement. The relevant provisions are § 72-255 and § 72-256, S. C. Code 1962, which have since been amended:

Section 72-256 provides, in part:

Neither an employee nor his dependents shall be entitled to compensation for disability . . . from an occupational disease unless such disease is contracted within one year after the last exposure to the hazard peculiar to his employment which caused the disease *save that in the case of a pulmonary disease arising out of the inhalation of organic or inorganic* dust the period shall be two years. (emphasis and omissions mine)

Section 72-255, *S. C. Code,* 1962, provides:

No compensation shall be payable for any pulmonary disease arising out of the inhalation of organic or inorganic dust unless the claimant shall have been exposed thereto by his employment for a period of at least one year and *unless he suffers total disability therefrom.* (emhasis added)

From Plaintiff's testimony it appears that he first became aware of the disease caused by work conditions in 1965. It further appears that he had no further exposure to cotton dust from 1966 to 1970 when he retired. Third, it appears that he did not suffer total disability since he continued to work for four years after he first knew of the condition.

The occupational disease law is a part of the workmen's compensation law and the procedures provided in that law also control procedures under the occupational disease law. Section 72-301, S. C. *Code* 1962, requires the employee to give written notice of a claim to the employer within 30 days after the occurrence of the accident unless reasonable excuse is made as to why the notice was not given and the Commission is satisfied the employer was not prejudiced.

Section 72-303, S. C. Code 1962, in effect at that time, provided:

The right to compensation under this title shall be forever barred unless a claim is filed with the Commission within one year after the accident . . ." (omissions mine)

Claimant did not file a claim within a year.

The findings of fact and conclusions of law of the Hearing Commission were affirmed by an award of the full Commission from which this appeal is taken.

Appeals from awards of the Industrial Commission to the Court of Common Pleas are provided for in § 42-17-60, S. C. *Code* 1976. This Court's consideration of the award of the Industrial Commission is limited to determination of whether there were any errors of law in the Industrial Commission's decision. This Court cannot weigh the evidence but may only determine whether or not there is any evidence to sustain these findings of fact of the Industrial Commission. If there is evidence to sustain these findings of fact, this Court has no authority to substitute its own judgment for that of the Commission. This point has been decided countless times by the Supreme Court of this state. See *Schwartz v. Mt. Vernon-Woodberry Mills,* 206 S. C. 227, 33 S. E. (2d) 517 (1945); *Hamilton v. Little,* 197 S. C. 434, 15 S. E. (2d) 662 (1941); *Cokeley v. Robert Lee, Inc.,* 197 S. C. 157, 14 S. E. (2d) 889 (1941); *Gosnell v. Bryant,* 240 S. C. 215, 125 S. E. (2d) 405 (1962); *Cross v. Concrete Materials,* 236 S. C. 440, 114 S. E. (2d) 828 (1960).

This Appellant cites the decision of *Drake v. Raybestos Manhattan,* 241 S. C. 116, 127 S. E. (2d) 288 (1962), which

held in effect that the statute of limitations did not begin to run against an employee in an occupational disease claim until the employee knew or reasonably should have known that he had an occupational disease. That case is both factually and procedurally distinguishable from the case at bar. In the *Drake* case, the Hearing Commissioner and the Full Commission decided in favor of the claimant. Industrial Commission award in favor of the claimant was affirmed by the circuit court. In the *Drake* case, the claimant first learned that she had a job connected illness four years after the termination of her employment. In the present case, the claimant knew that he had a work related illness four years before the termination of his employment and five years after his last exposure to the condition causing the problem.

Finally in *Drake* the case was remanded to the Industrial Commission to make certain specific findings which the earlier awards had omitted directed to the timeliness of filing of claim, giving of the 30 day notice to the employer and compliance with the one year statute of limitation. Here, the Industrial Commission has found that timely notice was not given and the claim was not timely filed.

A review of the testimony and record in this case indicates that there is evidence to support the findings of fact of the Industrial Commission and that the Industrial Commission properly applied the law to those findings. Accordingly, the Appellant's appeal is dismissed.