21750

James H. MITCHEM, Deceased Employee; Faye Mitchem, Widow; Denise Mitchem, Michael Mitchem, Penny Ann Mitchem, Jeffrey Mitchem, Mark Mitchem and Susan Mitchem, children of James H. Mitchem, Respondents, v. FISKE-CARTER CONSTRUCTION COMPANY, and Standard Fire Insurance Company, Appellants.

(293 S. E. (2d) 701)

*William U. Gunn,* of *Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for appellants.*

*Christ Christ,* Spartanburg, *for respondents.*

July 6, 1982.

GREGORY, Justice:

This is an appeal from an order of the circuit court awarding workmen's compensation benefits to respondents. The Full Commission had denied benefits. The sole issue to be decided is whether the Industrial Commission's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. We hold not and reverse.

James H. Mitchem injured his knee on September 16, 1977, while employed by appellant Fiske-Carter Construction Company. He took various medications over the next five months, both prescription and non-prescription drugs, to relieve his pain. His knee was operated on in November 1977, and he continued taking medication for pain.

On February 22, 1978, James Mitchem's wife, respondent Faye Mitchem, awakened to find her husband dead.

An autopsy of Mitchem's body revealed he died of drug overdose. The drugs found in his body were propoxyphene (Darvon) and ethanol (alcohol).[1] The level of propoxyphene alone was enough to kill Mitchem.

Respondents filed a claim for workmen's compensation benefits asserting Mitchem died as a result of the accidental injury to his knee. Appellants contested the claim arguing Mitchem's death was a suicide, thus, unrelated to his work. The Hearing Commissioner found the death did not result from Mitchem's willful intention to kill himself, and ordered appellants to pay respondents benefits.

On review, the Industrial Commission reversed the Hearing Commissioner's decision, finding Mitchem willfully intended to kill himself thereby barring a claim for workmen's compensation benefits.

On appeal to the circuit court, the Industrial Commission's order was reversed and payment of benefits reinstated. The Employer and its Carrier appeal from the circuit court's order.

S. C. Code Ann. § 1-23-380(g) (Cum. Supp. 1981) provides the scope of judicial review of a decision by an administrative agency:

> (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . .
> The court may reverse or modify the decison if substantial rights of the appellant have been preju-

---

[1] Mitchem received three prescriptions for Darvocet N 100, a drug containing Darvon. Two were given by the emergency room physician on September 21 and 23, 1977. The last prescription was given by his surgeon on November 30, 1977, three months before his death.

diced because the administrative findings, inferences, conclusions or decisions are:

\* \* \*

(5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;

. . . .

We held in *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981) that the Industrial Commission is an "agency" within the meaning of § 1-23-380, and the "substantial evidence" rule in reviewing its decision applies.

The circuit court and this court are bound by the decision of the Industrial Commission unless clearly erroneous in view of the substantial evidence on the whole record. Depositions of four medical experts were taken. Mitchem's surgeon stated he was of the opinion Mitchem intentionally committed suicide. After a visit to his surgeon less than ten days before his death, the surgeon noted that each time Mitchem came in he was "unusually interested in documenting his pain, disability, and inability to work." Mitchem's surgeon questioned Mitchem's authenticity of his pain and problems.

In response to a detailed hypothetical question, the Chief Medical Examiner for North Carolina where the autopsy was performed stated he was of the opinion that Mitchem committed suicide. His opinion was based on his experience with propoxyphene related deaths and Mitchem's background.

A psychiatrist who never observed Mitchem alive stated he could not reach an opinion as to whether Mitchem's death was a suicide or an accident. The emergency room physician who attended Mitchem and who last saw Mitchem on October 17, 1977, did not state an opinion as to whether or not the death was suicide.

Respondent Faye Mitchem testified her husband was allergic to Darvon, yet he consumed 12-15 tablets containing this drug in a short enough time period to cause his death. Together with these tablets, he consumed enough alcohol to register 0.14 on the breathalyzer machine.

Considering all of the testimony, both medical and lay, we cannot say the findings of the Industrial Commission are clearly erroneous in view of the reliable, probative and substantial evidence. Accordingly, the order of the circuit court is reversed and the case remanded for entry of judgment in favor of appellants.

Reversed.

LEWIS, C.J., and LITTLEJOHN and NESS, JJ., concur.

HARWELL, not participating.