21789

Emma Jean MARQUARD, Gloria Jean Marquard and Samuel Howard Marquard, minors by their guardian ad litem, James Corley, as dependents of Howard H. Marquard, Respondents, v. PACIFIC COLUMBIA MILLS and Home Insurance Company, Appellants.

(295 S. E. (2d) 870)

*Ernest J. Nauful, Jr.* of *Nauful & Lacy*, Columbia, *for appellants.*

*Isadore E. Lourie* of *Lourie, Curlee & Swerling*, Columbia, and *J. Kevin Holmes* of *Steinberg, Levkoff, Spitz & Goldberg*, Charleston, *for respondents.*

September 27, 1982.

NESS, Justice:

This is a workmen's compensation case. Respondent's decedent suffered a fatal heart attack on September 23, 1975, in the card room[1] at Pacific Columbia Mills, his place of employment for the fifteen years preceding his death. Appellants appeal from a finding that respondents were entitled to compensation for accidental injury. We affirm.

For several years preceding Marquard's death, he experienced symptoms of byssinosis,[2] i.e., difficulty in breathing, tightness in his chest, and coughing fits. The hearing commissioner determined that the unusual stress placed upon Marquard's heart by byssinosis caused his fatal heart attack and that his death was due to accidental injury.

Appellants first contend respondents should have been required to elect between their accidental injury claim and their occupational disease claim. We disagree. Nowhere does the Workmen's Compensation Act require claimants to elect; rather, § 42-11-110 preserves claimants' right *not* to elect:

" . . . [T]he employee shall not be deprived of any benefits to which he may be entitled because he may have misconceived his remedy to be for an occupational disease."

The Commission has broad discretion in procedural matters. *Gurley v. Mills Mill, et al.*, 225 S. C. 46, 80 S. E. (2d) 745 (1954). We hold the Commission did not err in refusing to require respondents to elect.

Appellants next assert error in the Commission's refusal to submit the case to a medical board pursuant to § 42-11-120. This section applies to occupational disease claims and is inapplicable here since the award was properly based on the accidental injury claim.

The circuit court and this Court are bound by the Commission's decision unless clearly erroneous in view of the substantial evidence on the whole record.

---

[1] The card room section of the mill has a higher concentration of cotton dust than others.

[2] Byssinosis is an obstructive lung disease caused by exposure to cotton dust.

*Mitchem, et al. v. Fiske-Carter Construction Co., et al.*, S. C. 293 S. E. (2d) 701 (1982); *Spires v. Mount Vernon Mills*, S. C., 286 S. E. (2d) 379 (1982). There is ample evidence in this record to show the employment conditions caused lung disease and the resulting stress on Marquard's heart caused his heart attack. In *Sturkie v. Ballenger Corporation, et al.*, 268 S. C. 536, 235 S. E. (2d) 120 (1977), we held that the term "accidental injury" encompasses unexpected events caused by employment-related disease. There is sufficient evidence to support the Commission's finding that the death was due to accidental injury, and we hold there was no error in its refusal to submit the case to a medical board.

Lastly, appellants argue the Commission's findings of fact do not comply with the requirements of § 42-17-40 of the Code in that the names of the minor dependents of decedent do not appear in the Orders of the Commission and the Circuit Court. This exception is frivolous and without merit.

Affirmed.

Lewis, C. J., and Harwell, J., concur.

Gregory and Littlejohn, J. J., concur and dissent.

Gregory, Justice (concurring and dissenting):

I agree with the majority opinion as to all issues except its holding that the Industrial Commission did not err in refusing to submit the case to a medical board pursuant to S. C. Code Ann. § 42-11-120 (1976). I think submission to a medical board is mandated by statute in this case and dissent as to that issue.

Section 1-23-380(g) of the Code (Cum. Supp. 1981) provides the scope of review of administrative agency decisions. The Industrial Commission is an agency within the meaning of § 1-23-380. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The Circuit Court and this Court are bound by the findings of the Industrial Commission unless clearly erroneous in view of the substantial evidence on the whole record. *Mitchem v. Fiske-Carter Construction Co., Smith's Advance Sheets*, S. C., 293 S. E. (2d) 701 (1982); § 1-23-380(g)(5) of the Code. However, the Circuit Court and this Court may reverse or modify if the administrative findings, inferences, conclusions, or decisions

are in violation of statutory provisions. Section 1-23-380(g)(1) of the Code.

In my view, the Commission violated § 42-11-120 of the Code by not submitting the case to a medical board as requested by respondents. Thus, I would remand the case pursuant to § 1-23-380(g)(1) of the Code.

South Carolina case law recognizes that a disease which results from exposure to altitude, climate, or working conditions constitutes an injury by accident where the result is unexpected. *Sturkie v. Ballenger Corp.*, 268 S. C. 536, 235 S. E. (2d) 120 (1977). Additionally, § 42-11-40 of the Code provides that disablement or death of an employee resulting from an occupational disease shall be treated as an injury by accident, and § 42-1-160 of the Code includes occupational disease in its definition of "injury" and "personal injury."

The decedent suffered a heart attack which respondents claim was caused by stress and exertion placed on his heart by byssinosis. At the time of his death, the decedent was doing no unusually stressful work. He had just returned from lunch and was walking over to turn on a machine when he was stricken by this heart attack. The fact he was stricken while at his place of employment was merely fortuitous. Respondents apparently contend decedent would not have suffered this heart attack but for the strain placed on his heart by byssinosis.

There was a dispute among the medical expert witnesses as to whether the decedent actually suffered from byssinosis.

The primary function of the courts in interpreting statutes is to ascertain and give effect to the intention of the legislature. See cases collected in West's S. C. Digest, *Statutes*, Key No. 181(1). I do not believe the legislature intended that one who suffers disablement or death from an occupational disease could disregard the provisions of the Occupational Disease Chapter of the Workmen's Compensation Act by pursuing his claim as one for accidental injury. This, I believe, is what the majority would allow.

Because (1) there was a medical question concerning the existence of byssinosis; (2) the claimants contend decedent's death by heart attack was caused by byssinosis; and (3) appellant's requested submission of that question to a medical

board, referral to a medical board is imperative. § 42-11-120 of the Code. I would remand for that purpose.

LITTLEJOHN, J., concurs.