22362

David MASSEY, Employee, Respondent, v. W. R. GRACE & COMPANY, Employer, and Transporation Insurance Company, Carrier, Appellants.

(334 S. E. (2d) 122)

Supreme Court

*Duke K. McCall, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellants.*

*Danny R. Smith,* of *Cummings & Smith,* Spartanburg, *for respondent.*

Heard June 7, 1985.

Decided Aug. 21, 1985.

NESS, Justice:

This is a worker's compensation case. Respondent claimant, David Massey, was denied benefits by the Industrial Commission because his injury was not job related. The circuit court reversed holding claimant had proved a compensable injury. We affirm.

Claimant is a sixty year old man who had been employed in appellant's mineral ore plant for twelve years. His duties included throwing out large rocks before the ore mixture reached the grate. He worked seven days a week and had not missed a day in over a year at the time of the injury.

The day of the injury, claimant testified he felt a catch in his back which continued to get worse day after day. His physician testified claimant had ruptured a disc rendering him incapable of continuing work as a hard laborer.

The decision of the Industrial Commission will not be overturned by the circuit court or this Court unless clearly erroneous in view of the substantial evidence in the record. *Mitchem v. Fiske-Carter Construction Company,* 278 S. C. 180, 293 S. E. (2d) 701 (1982); *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981).

After reviewing the testimony, we agree with the circuit court the evidence supporting a compensable injury is overwhelming and there was no evidence in the record to support the decision of the Industrial Commission.

We affirm the Circuit Court's finding of a compensable injury and the award of benefits to respondent-claimant.

Affirmed.

LITTLEJOHN, C. J., and HARWELL and CHANDLER, JJ., concur.

GREGORY, J., dissenting in separate opinion.

GREGORY, Justice (dissenting):

Hearing Commissioner Reid and a majority of the Full Commission[1] found no compensable injury. The Circuit Court and this Court's majority, however, have chosen to substitute their findings of fact for those of the Commission.

A reviewing court may reverse the Industrial Commission only if it is unsupported by substantial evidence. *Lark v. Bi-Lo*, 276 S. C. 130, 135, 276 S. E. (2d) 304, 306 (1981). The majority correctly cites this standard, but proceeds to substitute its own factual findings of those of the Full Commission. Under the Administrative Procedures Act, "the court shall not substitute its judgment for that of the agency as to the weight of evidence on the questions of fact." *Lark*, 276 S. C. at 132, 276 S. E. (2d) at 305, *citing* S. C. Code Ann. § 1-23-380(g) (Cum. Supp. 1984).

Substantial evidence supported the Industrial Commission's findings. There was evidence that respondent failed to report his injury as work-related, and indeed, at one point stated it was not work-related. Even after reporting the injury, he was unable to point to any specific accident. Respondent's doctors diagnosed his injury as "degenerative" or developing over a period of time.

Although the majority may believe the facts should have been found differently by the Full Commission, acting on such a belief is without precedent under our established

---

[1] Commissioners Addis, Nelson, Dreher, MacMillan and Brown composed the majority; Commissioner Zeigler dissented.

standard of review. By its opinion, the majority has, perhaps unwittingly, transformed this Court into the ultimate fact-finder.

Because the Full Commission's findings are supported by substantial evidence, I would reverse the Circuit Court.