15316

PATE v. PLYMOUTH MFG. CO. *ET AL.*

(17 S. E. (2d), 146)

160

*Mr. Norbert A. Theodore,* of Columbia, and *Mr. J. E. Dudley,* of Bennettsville, for appellant,

*Messrs. Stevenson and Lindsay,* of Bennettsville, for respondents,

November 8, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE L. D. LIDE.

Eugene Pate, the appellant above named, was a regular employee of Plymouth Manufacturing Company at its mill plant at McColl, in Marlboro County, as a doffer. He was injured on July 29, 1940, in an automobile collision a number of miles from the mill property, while returning from a baseball game, in which presumably he had participated, and claimed compensation for such injury under the Workmen's Compensation Act, alleging that it was "the result of an accident arising out of and in the course of his employment with the Plymouth Manufacturing Company," American Mutual Liability Insurance Company being its insurance carrier.

The claim came on for a hearing before Coleman C. Martin, Esq., one of the commissioners, who in due time filed his opinion and award in favor of claimant, which was thereafter reviewed by the full commission, which by a majority sustained the hearing commissioner, their opinion and award being filed on April 8, 1941. Thereupon an appeal was taken to the Court of Common Pleas for Marlboro County, which was heard before Honorable E. C. Dennis, presiding Judge, who handed down his order dated May 30, 1941, reversing the commission. The claimant then appealed to this Court upon five exceptions, but counsel for the appellant state in their argument that the sole question for decision in this case is: "Is the evidence as shown by the record and the testimony in the case sufficient to support the findings of facts of the South Carolina Industrial Commission that the injuries received by Eugene Pate were sustained as the result of an accident which arose out of and in the course of his employment with the Plymouth Manufacturing Company, and that such injury was compensable?"

We are of course in full accord with counsel for appellant in the view that the commission's findings of fact are conclusive, if there is any reasonable basis for the same in the evidence; but the single ultimate question involved in this appeal is, whether or not the injuries sustained by the claimant arose "out of and in the course

of the employment," within the meaning of Section 2(f) of the Compensation Act, 39 St. at Large, p. 1233?

This may ordinarily be termed a mixed question of law and of fact. But where the evidence is undisputed the question is really one of law only; and upon a careful review of the record in the case at bar we find that there is no real conflict in the testimony as to any material point. The following excerpt from the carefully prepared order of Judge Dennis is a fair statement of the evidence as contained in the Transcript:

"The evidence shows that the claimant, then working as a doffer in the mill with others prevailed upon the Superintendent of the mill to obtain from the corporate authorities financial assistance for a baseball team. A meeting of those interested in baseball was called and at such meeting an organization was perfected by those in attendance. This organization selected the name of the team, elected various officers, including a manager, a coach and a secretary and treasurer; and these officers had entire charge of the affairs of the club. They arranged the schedule of the games, sold tickets, collected in all monies, were responsible for all debts and arranged for the transportation of the team to places where the games were played. At the time of the injury, claimant was riding in the car of a Mr. Tyler, the scorekeeper for the club and whose car had been procured by the club in consideration of its furnishing the gasoline. The corporate authorities furnished the initial equipment for the team, consisting of uniforms, gloves, bats, etc., at a cost between four hundred and fifty and five hundred dollars. These supplies were not given to the players but at the end of the season were taken up and placed in storage.

"There is no evidence that the mill exercised or attempted to exercise any control or domination of the club or endeavored to direct its activities, but the entire inference is to the contrary. No extra compensation was given the players and they practiced, as well as played ball, on their own time. Mr. Johnson, the Superintendent, appears to have been

a baseball fan and assisted the club in its organization. On one or two occasions he let the club have the use of a car which was furnished to him by the mill for his work, but when this car was used the club furnished the gasoline. Even when they used the telephone in the mill office to arrange games, the toll fee was paid by the club. One or two of the players were not employees of the Plymouth Company. One of them was paid by the club to play ball—another played without compensation. So far as the record shows, no player received from the mill any additional consideration because of his baseball activities. It may be inferentially said that the mill transferred the baseball players to the morning shift, which was from six until two, because the majority of the players worked during those hours, but Mr. Johnson, the Superintendent, testified that he could not recall any player being shifted and there was one player who worked the afternoon shift. These stated facts are without dispute in the record and it is impossible for me to see where the corporation had any connection with the ball club, other than from a charitable or benevolent standpoint to promote the social life of its workers. It is impossible for me to see how the words of the statute defining a compensable injury can be stretched to cover the situation presented."

The precise point involved in this case does not appear to have ever come before this Court, and we must therefore inquire whether the claim of appellant under all the facts shown by the evidence comes within the true intent and meaning of the Workmen's Compensation Act, Act July 17, 1935, 39 St. at Large, p. 1231. It certainly could not be contended that the claimant was employed to play baseball, for on the contrary it was definitely found by the commission that he was employed as a *doffer,* the normal duties of that employment being of course far removed from the playing of baseball. And it could not be said that playing baseball was an ordinary incident of such an employment. It would therefore appear that the case is somewhat analogous to the recent case of *Patterson v. Courtenay Manu-*

*facturing Company,* 196 S. C., 515, 14 S. E. (2d), 16, cited by counsel for respondents, where the Court held that well diggers injured by a dynamite explosion while employed by a cotton mill in deepening a well on a farm rented by the mill to a sharecropper, three of whose children worked in the mill, were not engaged in the "course of business" of the mill within the Compensation Act. It will be noted that these claimants were actually working for Courtenay Manufacturing Company, but the Court held that the work they were doing was not within the provisions of the Compensation Act because not performed "in the trade, business, profession or occupation of the employer." It should be stated, however, that this case related to Section 2(b) of the Act and not to Section 2(f).

The cases more closely akin to the case at bar are the somewhat numerous *recreation cases* cited from other jurisdictions, and while we are not bound by these decisions they may be considered for such light as they may throw on the problem presented for our solution.

The case most similar in its facts to the case now before us is that of *Industrial Commission v. Murphy,* a Colorado case reported in 102 Colo., 59, 76 P. (2d), 741, 742, and also in 115 A. L. R., 990. Indeed, the facts are almost identical with those of our case, for there an employee of a mining company sustained an injury in an automobile accident while returning from a Sunday baseball game played by a team organized by the employees with the employer's assistance and known by the company's name; and the Colorado Supreme Court held that the injury was not one arising out of and in the course of the employment so as to be compensable under the Workmen's Compensation Act. The reasoning of the Court seems to us clear and convincing. We quote the following from the opinion: "It may be regrettable that this young man cannot be compensated under the terms of the act, but its provisions must not be pushed beyond the limits of their purpose, nor its funds diverted to those not clearly entitled thereto, and the object of their

creation be thus frustrated. Kindness to one may well be cruelty to many. Allowance of this claim could but serve as a warning to employers that they may concern themselves with the social life and recreation of their men, or permit their officers to do so, or contribute to efforts to lighten life, only under penalty of liability for every accident and injury arising from such activities, however remote from the employment itself."

The Colorado Court referred to the Missouri case of *Conklin v. Kansas City Public Service Company,* 226 Mo. App., 309, 41 S. W. (2d), 608 (a case strongly relied on by the commission in the case at bar), and held that the *Conklin case,* while far from convincing in its reasoning, might be distinguished on the facts, because there the claimant was injured by a baseball bat while watching a game of indoor baseball which was played in one of the employer's buildings during the lunch hour period, it appearing that these games were long established and a part of the daily life and routine. Indeed, the evidence showed that such games had been *played by employees only on the employer's premises for four years.* And the Missouri Court held that where an injury arises out of a settled practice or condition known to the employer, and there is a causal relation between the injury and the employment, the injury is compensable. We agree with the Colorado Court that the diversity of facts makes this case inapplicable.

In the thorough annotation to the *Murphy case,* 115 A. L. R., 993, numerous decisions are cited and analyzed. And there is unquestionably some conflict of opinion among the Courts of the various jurisdictions, but there is so much variation in the facts of the several cases that it is rather difficult to determine the extent of the difference of opinion on the fundamental question of law involved.

For example, it seems quite clear to us that the Connecticut Court in the case of *Stakonis v. United Adv. Corp.,* 110 Conn., 384, 148 A., 334, correctly held that where an employee is injured on his way to a picnic or outing given for

the employees by the employer, *and which the employees were paid if they did and were not paid if they failed to attend,* the injury arises out of and in the course of the employment, although in a similar case the Illinois Court held *contra.* See *F. Becker Asphaltum Roofing Company v. Industrial Commission,* 333 Ill., 340, 164 N. E., 668.

Perhaps the case most in accord with the view of appellant here (although distinguishable on the facts), and which was cited by the commission, is the case of *Holst v. New York Stock Exchange,* 252 App. Div., 233, 299 N. Y. S., 255, where an award in favor of a claimant was affirmed upon evidence to the effect that he was injured while playing on a soccer team maintained by his employer which retained receipts from the games and paid any deficit which arose from the venture, and gave employees time off for games and practice. But it will be readily observed that the facts just stated are more favorable to the claimant than those in the case at bar.

While we think that the Workmen's Compensation ██ Act should be given a liberal construction in favor of employees, our conclusion is that the clause "arising out of and in the course of the employment" cannot reasonably be construed to cover an injury sustained by a textile mill worker while returning from a baseball game, under the admitted facts and circumstances of the instant case.

The exceptions are therefore overruled and the order of the Circuit Court is affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.