15809

BURNETT v. APPLETON CO. *ET AL.*

(37 S. E. (2d), 269)

*Mr. Ernest B. Castles,* of Anderson, Counsel for Appellant,

*Mr. Stephen Nettles,* of Greenville, Counsel for Respondent.

March 5, 1946.

MR. G. DUNCAN BELLINGER, Acting Associate Justice, delivered the unanimous Opinion of the Court.

This is an appeal from an order of the Circuit Court affirming a ruling by the South Carolina Industrial Commission which denied an award to the claimant, who is the appellant here.

The appellant filed claim for disability which arose out of an alleged accident resulting in injury sustained by appellant while pushing a truck of cloth from the weave shop to the loom room of respondent. The "alleged accident" occurred while appellant was pushing the truck up a slight incline onto an elevator. The incline had a rise of an inch in four or five feet.

The Hearing Commissioner refused to allow an award upon the ground that claimant had failed to prove that he had received "an injury by accident" within the meaning of the Workmen's Compensation Act.

On appeal to the Full Commission the finding of the Hearing Commissioner was affirmed.

Appellant then appealed to the Court of Common Pleas; the Court of Common Pleas affirmed the Full Commission

in its finding that the claimant had not received an "injury by accident" within the Compensation Act.

The appellant's counsel vigorously argues that appellant did receive "an injury by accident", but neither appellant's testimony nor that of the doctor who examined appellant shortly after the occurrence of the injury tend to support counsel's contention. In fact, appellant's own testimony is not inconsistent with the finding of the Industrial Commission. Appellant's testimony is brief; we therefore take the liberty of setting it out herein.

The appellant testified as follows:

"DIRECT EXAMINATION

"By Mr. Castles:

"Q. Mr. Burnett, on the 25th day of October, 1944, were you employed by the Appleton Mill Company?

"A. Yes, sir.

"Q. State if you got hurt while about your work there on that day, and how you got hurt. Go ahead and tell us clearly and succinctly what happened, Mr. Burnett.

"A. Well, I was pushing a truck of cloth I had taken up from the weave shop to the loom, and started to push it on the elevator, and there is an incline in the floor, a little incline, and as I pushed to go up that incline I felt like something struck me or somebody struck me with a stick across the back of my right leg, and it caused a right smart of pain and began to swell then in just a few minutes.

"Q. Did you report this thing?

"A. Yes, sir; I reported to Mr. Charlie Moore.

"Q. As a result of that, what did he do?

"A. He carried me to the office to Mr. Elrod and Mr. Elrod made out—

"Q. (Interposing): And then what happened?

"A. He sent me to Dr. Young.

"Q. Dr. C. H. Young?

"A. Yes, sir.

"Q. What did Dr. Young say about it?

"A. He said that a blood artery clogged in my leg.

"Q. Blood arteries?

"A. Blood artery, yes, sir; and he carried me home himself. He told me to stay off of my feet and keep it warm.

"Q. How long were you out as a result of that injury, Mr. Burnett?

"A. Well, I was out ten weeks and two days; it was the 25th day of October to the 1st day of January, 1945.

"Q. Were you out any time during January?

"A. Yes, sir; I was out three days during January; I think it was three days.

"Q. Does your leg give you any trouble now?

"A. Yes, sir; it still hurts.

"Q. Does it cause you to limp in any way?

"A. It causes me to limp some, and it has a dead feeling. It doesn't have the feeling that it had before.

"Q. Kind of a paralyzed feeling?

"A. Yes, sir; something like your foot going to sleep, you know.

"Q. Mr. Burnett, dropping back now to the day you were hurt, had that leg ever hurt you before?

"A. No, sir.

"Q. Did you know when you rolled it up that incline there to the elevator that day that you were going to get hurt?

"A. No, sir.

"Q. Then when you rolled it up the incline at that specific time, what happened?

"A. I just thought somebody hit me with a stick until I had time to look and see wasn't anybody in reach of me.

"Q. And until then your leg had not hurt you?

"A. No, sir.

"Mr. Castles: You may have the witness.

"Cross Examination

"By Mr. Nettles:

"Q. Did anything hit you at all?

"A. No, sir.

"Q. Your leg came in contact with nothing whatsoever?

"A. No, sir.

"Q. No bruise or anything like that?

"A. No, sir.

"Q. It was inside your leg, wasn't it?

"A. Yes, sir.

"Q. No visible evidence of any injury?

"A. Nothing except the swelling.

"Q. There was no bruise or anything like that, no black or blue marks on your leg?

"A. No, sir, except there is some blue places on it yet.

"Q. That came later?

"A. Yes, sir; kind of purple.

"Q. Sort of veins; isn't that what it is?

"A. I reckon it must be.

"Mr. Nettles: All right, sir.

### "REDIRECT EXAMINATION

"By Mr. Castles:

"Q. Mr. Burnett, that place there on that floor just as you go on that elevator you say is inclined?

"A. Yes, sir.

"Q. And requires an extra push to get it on the elevator?

"A. Yes, sir.

"Q. On that day, when you made that extra push, that is when you hurt your leg?

"A. Yes, sir.

"Mr. Castles: Do you want to ask him anything?

"The Court: How much is that incline?

"The Witness: I guess it's about an inch in four or five feet in the floor from the elevator back this way.

"The Court: You pushed it up there just like you had always been pushing it up there?

"The Witness: Yes, sir.

"The Court: Was anybody present there at the time?

"The Witness: No, sir.

"The Court: Did you say anything to anybody about it?

"The Witness: Nobody except Mr. Moore. He was the first man I went to."

The only testimony offered as to the cause of the injury was the testimony above quoted.

There being competent testimony to support the finding of the Industrial Commission, which was concurred in by the Circuit Court, the judgment of the lower Court must be affirmed.

All of the exceptions have been carefully considered and found to be without merit.

The judgment of the lower Court is affirmed and the appeal is hereby dismissed.

MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON concur.