## 18679

Mrs. Sara H. GRICE, Janet Marie Grice, Edwin Eugene Grice and
Linda Ariette Grice, Appellants, v. NATIONAL CASH REGIS-
TER COMPANY and Travelers Insurance Company, Respondents.

(156 S. E. (2d) 321)

2

Messrs. *Henry Hammer, Isadore S. Bernstein,* of Columbia and *Yarborough, Parrott & Anderson,* of Florence, *for Appellants,*

Messrs. *Willcox, Hardee, Houck, Palmer & O'Farrell* and *Gordon Badger Baker, Jr.,* of Florence, *for Respond-*

*ents,*

July 25, 1967.

LEWIS, Justice.

This case involves a claim for death benefits under the Workmen's Compensation Act. Vernon E. Grice was employed by the defendant National Cash Register Company at Florence, South Carolina, and was sent by the employer to Dayton, Ohio, for several months training in connection with his work. While there, Grice received fatal injuries in an automobile accident when he was returning from a picnic which he and other employees had on their own initiative arranged and attended near Dayton. The Industrial Commission awarded death benefits to his widow and dependent children, holding that the employee was in the course of his employment throughout the entire time he was away on the employer sponsored training program and that the injuries received while he was engaged in the personal outing at the picnic arose out of and in the course of his employment. The circuit court reversed upon the ground that the award of the Commission was without evidentiary support in the record, and this appeal by the plaintiffs followed.

The question for decision is whether there was any evidence to sustain the findings of the Industrial Commission that the death of the employee arose out of and in the course of his employment. If there was such evidence, the finding that the accident was compensable is conclusive on appeal. If not, the question is one of law and

the circuit court was correct in setting aside the award. The material facts are not in dispute.

At the time of his death, the deceased employee had his headquarters at Florence, South Carolina, where he worked as a serviceman, servicing the various and sundry machines of the employer in the area.

In keeping with the employer's company training program, the deceased was sent to the company's training center at Dayton, Ohio, for training on certain machines being used by the employer. He reported at Dayton on March 20, 1961. He was paid his traveling expenses and $50.00 per week for extra living expenses while there. The deceased was married and his family continued to reside in Florence while he was away. The length of the period of training was indefinite, but was understood to continue for several months. While in Dayton he attended classes from 8 a. m to 5 p. m., five days a week. At all other times he was free to spend his time as he pleased, but was expected by the employer to, and did, devote some time to studying in connection with the training program. During the training period, the employer continued to consider the headquarters of the deceased as Florence; and his payroll checks were made up and dispatched out of the local control office in Columbia, South Carolina. Living quarters for the employees attending the training program were not furnished by the employer, but were procured by the employees at their own expense with the employer helping to find available space. The deceased and several other co-workers were able to find living quarters together near the training center.

Deceased and several co-employees, acting upon their own, planned a picnic for the commencement of the 4th of July holidays. On the evening of July 3, 1961, the deceased, along with other employees, attended this picnic near Dayton. After the picnic was over, the automobile in which the deceased and two other men were returning to the city wrecked when it struck a storm sewer depression, inflicting

injuries upon the deceased from which he died on July 4, 1961.

The claimants base their right to recover upon the principle that "where an employee is sent to a distant place by his employer to perform duties in connection with his employment and sustains an injury after working hours, while engaged in reasonable activities in seeking to satisfy his physical needs, including relaxation and recreation, or while returning to his quarters after having engaged in reasonable activities, he is entitled to the protection of the Act."

While there is authority to support the principle urged by claimants, we think its application to, the present facts would extend coverage beyond that required by any reasonable construction of the Workmen's Compensation Act. The lower court correctly held that the evidence failed to show that the deceased sustained his injuries in the course of his employment.

We may assume that the deceased attended the picnic for his social and recreational enjoyment. It also appears that the employer had provided some recreational facilities on its property at Dayton for the use of its employees, from which it may be inferred that the employer recognized generally a benefit to it from such recreational activities. However, such general benefits to the employer from social and recreational activities of its employees are not sufficient alone to establish coverage under the Act.

There is a total absence of any testimony tending to show that the accident from which deceased sustained the fatal injuries had its origin in a risk created by the necessity of being away from home. The picnic was not arranged, sponsored, or suggested by the employer. It was solely an outing planned by the deceased and his co-employees, taking place after work hours, off the premises of the employer, and during hours when the employer exercised no control over the employee's activities. Insofar as the record discloses, the employer had no knowledge of the picnic. The attendance of the deceased was purely voluntary on his part.

If the employee had sustained the fatal injuries while returning from such a picnic at Florence, South Carolina, where he was regularly employed, the accident would not have been compensable. *Pate v. Plymouth Mfg. Co.,* 198 S. C. 159, 17 S. E. (2d) 146. The present case cannot be soundly distinguished.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.