19019

Mrs. Elizabeth RILEY, Respondent, v. SOUTH CAROLINA STATE PORTS AUTHORITY, and State Workmen's Compensation Fund, Appellants.

(172 S. E. (2d) 657)

622

*Messrs. Daniel R. McLeod, Attorney General,* and *Charles A. Taylor, III, Assistant Attorney General,* of Columbia, *for Appellants,*

*Messrs. J. Kenneth Rentiers* and *A. Arthur Rosenblum,* of Charleston, *for Respondent,*

February 19, 1970.

Moss, Chief Justice.

This case arose under the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.,* Code of 1962. It involves a claim for compensation arising out of the death of Abraham Paul Riley, who left surviving him his dependent widow, Mrs. Elizabeth Riley, the respondent herein.

The deceased, Abraham Paul Riley, was a sixty-one year old colored male who had been working for the State Ports Authority for six years. He was employed as a manual laborer, and his duties consisted of loading and unloading railroad cars, and, from time to time, sweeping or cleaning up the work area. During the morning of December 5, 1966, the deceased helped unload clay bags and that afternoon he performed clean-up duties. As he was leaving work, some time after five o'clock that afternoon, Riley collapsed. He was taken to the Charleston Medical College Hospital where he died approximately eight hours later of a massive intercerebral hemorhage.

It is the contention of the respondent that her husband died as a result of an accident arising out of and in the course of his employment. The appellants denied that the deceased suffered an injury by accident within the meaning of the compensation law.

The testimony in this case was taken before a single commissioner. This commissioner filed his award in which he found:

"That the employee, Abraham Paul Riley, during the morning and afternoon of December 5, 1966, breathed dust-laden atmosphere, which, added to his long-standing asthmatic malady, caused him to have fits of coughing during the morning and afternoon, which accelerated his blood pressure, causing a rupture of the blood vessels in the head, and causing hemorrhage, * * *" resulting in his death on December 6, 1966.

The single commissioner also found that the employee's death was compensable in that the inhalation of dust with resulting spells of coughing constituted an accident within the compensation law.

The appellants made timely application for a review of the award of the single commissioner to the full commission. The commission affirmed the award made by the single commissioner. Thereafter, an appeal was duly taken by the appellants to the Court of Common Pleas for Charleston County and was heard by The Honorable Robert W. Hayes, Presiding Judge, who, on May 22, 1969, issued his order affirming the decision and award of the Commission. This appeal followed.

The question for decision is whether there was any competent evidence before the Commission to reasonably support its findings of fact, and whether such findings justified its legal conclusion.

We have held in numerous cases that the burden is upon the claimant to prove such facts as will render the injury compensable within the provisions of the Workmen's Compensation Act. We have also held that the Commission is the fact finding body, and this court and the circuit court, both being Appellate Courts in workmen's compensation cases, can only review the facts to determine whether or not there is any competent evidence to support the findings made by the Commission. *Glover v. Columbia Hospital,* 236 S. C. 410, 114 S. E. (2d) 565, and *Herndon v. Morgan Mills, Inc.,* 246 S. C. 201, 143 S. E. (2d) 376.

There is testimony that shows that Abraham Paul Riley was exposed to a heavily dust laden atmosphere both in the morning and in the afternoon of the day in question, and that he did breathe dust, which when added to his pre-existing malady of asthma, caused him to have fits of coughing during the day. There is also medical testimony that the breathing of the dust and the coughing, as a result thereof, accelerated the employee's blood pressure, bringing about

the rupture of the blood vessels, with hemorrhage in the brain, resulting in death. The evidence in this case supports these factual findings by the Commission.

The appellants do not contest the factual findings but contend, admitting the facts, that under Section 72-14 of the Code, that the employee suffered no "injury by accident" within the meaning of the compensation law, but contend that it is clear from the evidence that the employee died as a result of natural causes.

In the case of *Hiers v. Brunson Construction Co.,* 221 S. C. 212, 70 S. E. (2d) 211, the employee, who had a cold, was required to work on top of a building while it was raining. He had a chill, was taken to the hospital, and some two weeks later died of pneumonia. Medical testimony at the hearing was conflicting, but the claimant's doctors testified that the decedent's chill during his employment was a substantial contributing factor to the pneumonia and his death. The Commission found that this was an accident within the meaning of the statutes, and this court affirmed, saying:

"The adjective 'accidental' qualifies and describes the injuries contemplated by the statute as having the quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally. If one becomes ill while at work from natural causes, the state or condition is not accidental since it is a natural result or consequence and might be termed normal and to be expected. If, however, there is a subsisting condition of illness or incapacity or physical disability which is caused, increased, or accelerated by some act or event coming by chance or happening fortuitously, then the requisite quality or condition of the injury will exist so as to make it accidental. Neither is it necessary that the accidental quality or condition be created by wound or external violence."

In the case of *Strawhorn v. Chapman Construction Co.,* 202 S. C. 43, 24 S. E. (2d) 116, a painter, in good health

was subjected to an unusual or unexpected quantity of lead from paint dust which was being scraped from walls of a building. The Commission found that his death was due to the inhalation of lead poison and such was a result of an accident and not a disease. This court affirmed, saying:

"In addition to the foregoing evidence that the deceased as a part of his work scraped and brushed off old paint, subjecting him to the inhalation of the resulting dust containing lead, there was evidence that despite many prior years' painting experience the deceased had not been sick from lead poisoning, and the medical testimony that his case was extremely rare and that of other experienced painters who had known and observed many others, that they had never before known of such a case, all of which support the conclusion that the infection of the deceased was sudden and not to have been expected, and hence accidental under the terms of the law."

In the case of *Industrial Commission of Ohio v. Polcen,* 121 Ohio St. 377, 169 N. E. 305, the court had before it a claim by a workman in a chemical plant, who, on the day in question, inhaled fumes, had a coughing spell, which in turn, according to the medical evidence, caused a hernia. There were no excessive fumes on the day in question. The court said:

"The evidence tends to show that this particular coughing spell upon this particular day caused the specific injury. It was not a continuous condition, but a particular condition, which induced the hernia. * * * Certainly, the sustaining of an inguinal hernia, due to a coughing fit, is not a usual and customary incident to the occupation in which Polcen was engaged."

The court approved the following instruction to the jury:

"Now, if this man, while in the course of his employment, by virtue of his employment, acquired a coughing spell and if as a consequence of his coughing spell, a rupture occurred, while he was engaged in his employment, working for his

employer, and as a consequence of this rupture caused by this coughing spell he was hurt and injured, he would be entitled to recover at your hands.

"On the other hand, if * * * this coughing spell came about not because of his employment, but through other, natural causes—in other words, if the fact of his employment had nothing whatever to do with the injury, he would not be entitled to recover."

The dust laden condition of the air which the decedent was required to breathe brought on fits of coughing and such accelerated his blood pressure, causing a rupture of the blood vessels in his head and death followed as a result of such hemorrhage. The dust laden condition of the air was the cause of and his death was the result of his fits of coughing. The cause and the result were unexpected, unusual and unintended and, therefore, an accident. The rationale of the *Hiers, Strawhorn* and *Polcen* cases is applicable and determinative of the issue here. The evidence in the record is sufficient to establish causal connection between the employee's work and his death, such being an accident which arose out of and in the course of his employment.

We are of the opinion that the death of Abraham Paul Riley resulted from an injury proximately caused by accident and that, therefore, his dependent wife is entitled to compensation.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.