20109

Eartha Lee ROBINSON et al., Respondents, v. CITY OF CAYCE, and State Workman's Compensation Fund, Appellants.
(219 S. E. (2d) 835)

*Messrs. Daniel R. McLeod, Atty. Gen., and G. William Thomason,* of Columbia, *for Appellants,* cite:

*Walter W. Brooks, Esq.,* of Columbia, *for Respondents,* cites:

November 18, 1975.

NESS, Acting Justice:

John Robinson died from a heart attack suffered at work. His wife and the other statutory beneficiaries seek Workmen's Compensation benefits. A single commissioner awarded recovery; his finding was reversed by the full Commission which found the heart attack was not the result of unusual stress and strain from his employment. The Circuit Judge reinstated the single commissioner's award. The issue before us is whether the full Commission's finding is supported by competent evidence. We hold it is and reverse the Circuit Judge.

Robinson died from a heart attack which occurred while driving a truck for the City of Cayce. The truck entered a highway intersection from an access road and collided with an automobile. There was no testimony the heart attack was caused by physical impact. Rather, claimants argue the heart attack was induced by unusual stress and strain resulting from visualizing the impending wreck.

Two eye witnesses, with unobstructed views of the accident, offered conflicting testimony. James Black testified he observed the truck for over 100 feet as it made a downhill approach to the intersection. It appeared to be coasting without a driver. The truck ran a stop sign at the intersection and continued straight, without veering to the left, until impact. Black did not hear any brakes. He could see into the cab of the truck, but did not see anyone driving.

Albert Norris observed Robinson stop at the sign at the intersection, disengage the clutch, and enter the highway. He saw Robinson sitting upright and driving until impact. Furthermore, as the automobile approached the intersection, Robinson swerved to the left, but was unable to avoid the collision.

In response to a hypothetical question which assumed Norris' testimony, a doctor stated Robinson died from a heart attack and it was most probably caused from his visualizing the impending wreck.

In order for claimants to recover Workmen's Compensation benefits, they needed to show the heart attack was induced by "unexpected strain or overexertion in the performance of the duties of his employment, or by unusual and extraordinary conditions in the employment." Canady v. Charleston County School District and State Workmen's Compensation Fund, Smith's, June 24, 1975, page 9.

The single commissioner found the heart attack was induced from Robinson seeing an oncoming car about to collide with his truck and concluded Robinson's death was caused by unusual and extraordinary conditions.

The full Commission in reversing concluded the heart attack was not "induced by unexpected strain or overexertion of performance of his duties of his employment or by unusual and extraordinary conditions in his employment, and, therefore, is not constituted a compensable 'accident.' "

The Circuit Judge reinstated the single commissioner's award. Relying upon Norris' testimony, he found the evidence supported only one conclusion, that Robinson's heart attack resulted from visualizing the wreck. His order states: "the evidence presented by the eyewitness Norris to the effect that Mr. Robinson pulled up to the stop sign and then proceeded into the intersection veering left when it became apparent that a collision was going to occur is a sufficient demonstration of unusual stress or strain."

The Commission is the fact finder in Workmen's Compensation cases. Neither the Circuit Court nor this Court may substitute its opinion of the facts when the Commission's finding is supported by competent evidence. Burns v. Joyner, Smith's, April 14, 1975; *Davis*

*v. McAfee Mfg. Co., et al.,* 259 S. C. 433, 435, 192 S. E. (2d) 328 (1972). Furthermore, the Commission's findings may be based on reasonable inferences drawn from the testimony. *Eagles v. Golden Cove, Inc.,* 260 S. C. 113, 117, 194 S. E. (2d) 397 (1973). Hence, our sole inquiry is whether the Commission's finding was supported by competent evidence.

The eyewitness testimony was contradictory. The Commission and not the Court is charged with weighing the testimony. The Circuit Judge was in error in holding the Commission's findings lacked evidentiary support.*

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

* Actually, the full Commission's finding of fact is inadequate. It is really a conclusion of law. Robinson did not assail the finding of fact as being inadequate in the appeal to the Circuit Court. Had such been the case, we would remand to the Commission to find the component facts of this case.