268 S.C. 536 (1977)
235 S.E.2d 120
Harry F. STURKIE, Respondent,
v.
BALLENGER CORPORATION and Continental Casualty Company, Appellants.
20430
Supreme Court of South Carolina.
May 17, 1977.
*537 Messrs. William S. Davies, Jr., and Stephen G. Morrison, of Nelson, Mullins, Grier and Scarborough, Columbia, for Appellants.
*538 John E. Cheatham, Esq., of Sandifer & Cheatham, Lexington, for Respondent.
*539 May 17, 1977.
NESS, Justice:
This is an appeal pursuant to the Workmen's Compensation Act, Section 72-1, et seq., of the 1962 Code. The Single Commissioner, Full Commission, and Circuit Court resolved all issues in favor of the claimant-respondent Sturkie. We affirm.
Claimant, while working in Puerto Rico, suffered an alleged injury involving his heart and respiratory system which later developed into emphysema. The ultimate issue is whether the claimant sustained an "injury by accident" resulting from exposure to altitude, climate, and working conditions.
The compensability of a particular event as an accident within the purview of the Act is a question of law to be decided by the courts. Sylvan v. Sylvan Brothers, Inc., 225 S.C. 429, 82 S.E. (2d) 794 (1954); Jordan v. Dixie Chevrolet, Inc., 218 S.C. 73, 61 S.E. (2d) 654 (1950). The Commission's factual determination as to whether an accident has occurred is conclusive if supported by any competent evidence. Kinsey v. Champion American Service Center et al., S.C. 232 S.E. (2d) 720 (filed February 10, 1977); Robinson v. City of Cayce, 265 S.C. 441, 219 S.E. (2d) 835 (1975). Our scope of review is therefore bifurcated to first consider the compensability as an "accident" of diseases contracted by climatic exposure.
In the case of Riley v. South Carolina State Ports Authority, 253 S.C. 621, 172 S.E. (2d) 657 (1970), an employee was exposed to heavily dust laden atmosphere in the *540 course of his employment. Breathing the dust and pre-existing asthmatic condition precipitated fits of coughing which resulted in a hemorrhage in his brain. This Court affirmed a finding that the employee had suffered an injury by accident within the meaning of the compensation law.
In Hiers v. Brunson Construction Co., 221 S.C. 212, 70 S.E. (2d) 211 (1952), an employee with a pre-existing cold was required to repair a roof on a cold, rainy day in February and subsequently developed pneumonia. In affirming an award under the Workmen's Compensation Law, this Court defined injury by accident:
"The adjective `accidental' qualifies and describes the injuries contemplated by the statute as having the quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally. If one becomes ill while at work from natural causes, the state or condition is not accidental since it is a natural result of consequence and might be termed normal and to be expected. If, however, there is a subsisting condition of illness or incapacity or physical disability which is caused, increased, or accelerated by some act or event coming by chance or happening fortuitously, then the requisite quality or condition of the injury will exist so as to make it accidental. Neither is it necessary that the accidental quality or condition be created by wound or external violence. Geipe v. Collett, 172 Md. 165, 190 A. 836, 109 A.L.R. 887.

* * *
"In the majority of jurisdictions, no slip, fall or other fortuitous event or accident in the cause of the injury is required; the unexpected result or industrial injury is itself considered the compensable accident." (Authorities omitted.) 221 S.C. at 230-231, 70 S.E. (2d) at 219-220 (Emphasis added).
Finally, in Strawhorn v. Chapman Construction Co. et al., 202 S.C. 43, 24 S.E. (2d) 116 (1943), the employer was a painter who contracted lead poisoning induced by unusual *541 inhalation of old paint dust. Ruling the event accidental, this Court held:
"* * * We have not been unmindful of the point strongly made by appellants' counsel that from the evidence in the record no occasion of time or place can be certainly pointed to when and where the deceased was subjected to lead from paint dust in an unusual or unexpected quantity, but from the whole record, the facts and testimony of the experts, we conclude, as stated, that there was evidence to support the finding of such by the Industrial Commission, with which this Court then has nothing to do.
"Worth remembering in the above connection is the principle that the right to workmen's compensation may, of course, appear by circumstantial evidence, as well as direct, and the proof, like in other civil cases, need not be such that it is inconsistent with any other condition of facts than that sought to be established. South Carolina cases in 34 S.E. Dig. Pocket part, page 223, Workmen's Compensation, Key 1414. Another pertinent consideration is that the element of surprise or improbability necessary to constitute an accident in contemplation of law need only be in the result or effect of the happening. Goethe v. New York Life Insurance Company, 183 S.C. 199, 190 S.E. 451. Layton v. Hammond-Brown-Jennings Company, 190 S.C. 425, 3 S.E. (2d) 492; Cole's Next of Kin v. Anderson Cotton Mills, 191 S.C. 458, 4 S.E. (2d) 908." 202 S.C. at 52, 24 S.E. (2d) at 120. (Emphasis added.)
A composite of these cases clearly establishes a recognition in South Carolina case law of diseases resulting from exposure constituting an injury by accident where the result is unexpected. See Larson's, Workmen's Compensation Law, Section 38.50. Likewise, the exacerbation of a pre-existing disease or injury arising out of or in the course of the employment is compensable. Arnold v. Benjamin Booth Co., 257 S.C. 337, 185 S.E. (2d) 830 (1971). The test "as to whether the injury or death arose *542 out of or in the course of employment when caused or hastened by atmospheric conditions, is whether, under all circumstances, the employee was exposed to a greater risk by reason of his employment and duties than was imposed upon an ordinary member of the public." Hiers v. Brunson Construction Co., supra, 221 S.C. at 230, 70 S.E. (2d) at 219. Having determined the requisites for compensability as a matter of law for exposure produced diseases to constitute an accidental injury, we now turn to the more restrictive scope of review of the existence of competent evidence to support the factual findings of the Commission. Kinsey v. Champion American Service Center, supra.
The evidence revealed appellant was exposed to high humidity, fog, high temperatures, cement dust and short rain showers which usually occurred several times during the day. Unlike the general population, respondent testified his employment as a cement truck driver necessitated operating an open cab unsheltered from the elements. Respondent testified that prior to his injury he missed no work and that his health was good until the sudden and unexpected onset of his malady. There is medical testimony indicating the environmental and working conditions most probably caused the alleged accident.
Emphysema develops gradually, but its effect in collapse is sudden. The settled rule is that where the work and its own environment of circumstance exposed the employee to the happening of an event causing an accident, the accident arises out of the employment.
To discuss the different inferences which the parties seek to draw from the evidence would be to travel again the same ground covered by the Industrial Commission. Although there are conflicts in the evidence and medical testimony, it is not the province of the Court to weigh the testimony; findings of fact of the Commission are conclusive where supported by competent evidence. Aristizabal v. I.J. Woodside, et al., S.C. 234 S.E. (2d) 21 (filed March 30, 1977). We *543 find competent evidence supporting the Commission's findings that respondent was exposed to a greater risk than the general public; climatic and working exposure conditions caused the injury complained of; and the result was unexpected, unusual, and therefore accident. We, accordingly, affirm the opinions of the Commission and trial court that respondent suffered an injury by accident arising out of and in the course of his employment.
Affirmed.
LEWIS, C.J., and RHODES and GREGORY, JJ., concur.
LITTLEJOHN, J., dissents.
LITTLEJOHN, Justice (dissenting):
I respectfully dissent and would reverse the lower court.
There is no contention that claimant has suffered an occupational disease.
On or about August 1, 1972, the claimant, an employee of the Ballenger Corporation, went to Puerto Rico to continue his occupation of several years as a truck driver. He remained on the job without incident until October 25, 1972, when he blacked out on the job. His work was that of driving a cement, rotating cylinder type, delivery truck. The claimant described his duties as driving the truck to the bulk plant, waiting in line for loading, driving the truck to the job and dumping the cement by way of a hydraulic operation. No heavy lifting was normally required.
He testified that on October 25, 1972, he just passed out. He was not doing anything unusual at the time. He had been running a high fever. The weather in Puerto Rico was described as hot, humid and rainy. He was hospitalized and seen by Dr. Jiminez, who treated him for "an acute asthmatic attack." In response to counsel's question, Dr. Jiminez testified as follows:
"Q. All right, sir. Now do you have an opinion as to what caused Mr. Sturkie's severe inflammation of the entire respiratory tract?
*544 "A. I think it was caused by a combination of three factors  bacteria, allergies, and environmental, due to the work he was doing."
On November 14, he returned to South Carolina and was hospitalized in Lexington and was seen by Dr. Vernon. His diagnosis was emphysema. The claimant gave to Dr. Vernon a history of being a heavy cigarette smoker and of having experienced a shortness of breath for approximately two years.
On an application for insurance benefits filed by Dr. Vernon's office, the claimant stated that his ailment was not connected with his employment.
The single hearing commissioner issued an order finding that the claimant collapsed on the job on October 25, 1972, suffering from severe inflammation of the respiratory tract; said condition being caused and/or triggered by the exposure to such environmental and working conditions and thus being accidental within the meaning of the law.
The full commission affirmed without elaboration; the circuit court did likewise.
We are called upon to determine whether the record supports the finding that the claimant experienced an accident arising out of and in the course of his employment. This Court has defined the word "accident" on many occasions. An accepted definition is "an unlooked for and untoward event which is not expected or designed by the person who suffered an injury." It is also defined as meaning "an occurrence which is neither expected, designed, nor intentionally caused by a workman." It does not include a disease unless the disease results naturally and unavoidably from an accident.
A disease is not compensable unless it is caused by an accident on the job. Section 72-14, Code of Laws of South Carolina (1962) reads in part as follows:
"Injury and personal injury.  `Injury' and `Personal injury' shall mean only injury by accident arising out of and *545 in the course of the employment and shall not include a disease in any form, except when it results naturally and unavoidably from the accident ..." (Emphasis added.)
There can be no doubt but that the claimant has emphysema, but the evidence does not support the inference that an on-the-job accident caused it. He was under no particular strain or stress in his work. There was no overexertion. His condition is not the result of any specific happening or event which occurred at any particular time, place or date, or the result of cumulative effect of a series of minor incidents occurring during the employment. His condition cannot be traced to his employment as a contributing cause.
Neither the record nor the order of the single commissioner, nor of the full commission, nor of the lower court, pinpoints the happening amounting to an accident.
In my view, the argument of counsel that working under Puerto Rican weather conditions brought about the injury is without logic. The claimant was subjected to the same weather and environment conditions as all Puerto Ricans and other persons living on the island. If an injury results from conditions common to the public, there can be no accident.
The only reasonable inference to be drawn from the whole of the showing in this case is that this claimant had been a heavy smoker for a long time and had been experiencing shortness of breath for some two years. It is common knowledge that emphysema is insidious in its approach and is aggravated and/or caused by heavy smoking.
Reliance upon Hiers v. Brunson, 221 S.C. 212, 70 S.E. (2d) 211 (1952) is misplaced. Hiers, while in a weakened condition and laden with a bad cold, on a cold, raw, rainy day, went upon a roof on February 20 and worked approximately 45 minutes. This triggered pneumonia, from which he died. The medical testimony substantiated the 45 minute exposure as a contributing cause to the claimant's influenza, double pneumonia and pleurisy.
*546 The majority opinion would extend Hicrs. In the case before us there was simply no accident as contemplated by the Workmen's Compensation Law. It is apparent that the claimant had emphysema and that his emphysema reached a crisis while he was in Puerto Rico; it is equally apparent that his emphysema did not arise out of and in the course of his employment.
This disposition of the case finds support in Richardson v. Wellman Combing Co., 233 S.C. 454, 105 S.E. (2d) 602 (1958); Burnett v. Appleton Co., 208 S.C. 53, 37 S.E. (2d) 269 (1946); Radcliffe v. Southern Aviation School, 209 S.C. 411, 40 S.E. (2d) 626 (1946), and Miller v. Springs Cotton Mills, 225 S.C. 326, 82 S.E. (2d) 458 (1954).