21493

Nancy SMITH, Appellant, v. UNION BLEACHERY/CONE MILLS and Liberty Mutual Insurance Company, Respondents.

(280 S. E. (2d) 52)

*Don R. Moorhead,* of *Law Offices of John Bolt Culbertson,* Greenville, *for appellant.*

*J. Wright Horton,* of *Horton, Drawdy, Hagins, Ward & Blakely,* Greenville, *for respondents.*

June 17, 1981.

GREGORY, Justice:

This appeal arises from the denial of Workmen's Compensation benefits for injuries arising from participation on a company sponsored softball team. We affirm.

The appellant employee injured her left leg while participating in a softball game after working hours.

The single commissioner denied compensation, but the full Industrial Commission, in a 3-2 decision, reversed and awarded the appellant compensation. The circuit judge then reversed the award of the full commission and dismissed the claim.

The question is whether the softball injury arose out of and in the course of appellant's employment within the meaning of Section 42-1-160, Code of Laws of South Carolina (1976).

The burden is on the claimant to prove such facts as will render the injury compensable within the provisions of the State Workmen's Compensation Law. *Ellis v. Spartan Mills, et al.,* 277 S. E. (2d) 304 (1981); *Riley v. South Carolina State Ports Authority,* 253 S. C. 621, 172 S. E. (2d) 657 (1970).

We have recently recognized that the decisions of the Industrial Commission will be set aside only if unsupported by substantial evidence. *Ellis v. Spartan Mills, supra; Lark v. Bi-Lo, Inc.,* S. C., 276 S. E. (2d) 304 (1981).

However, where the evidence is not in dispute, the ■ question of whether or not the employee sustained an injury arising out of and in the course of his employment becomes a question of law for the court. *Douglas v. Spartan Mills,* 245 S. C. 265, 140 S. E. (2d) 173 (1967). This principle remains unchanged by the Administrative Procedures Act, Section 1-23-10 *et seq.,* Code of Laws of South Carolina (Cum. Supp. 1980). Section 1-23-380 [Subsection g] of the Act provides this Court may reverse or modify the decision "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are . . . [Subsubsection (4)] affected by other error of law."

Here, the facts are undisputed. ■ The team was organized when appellant's co-employees on their own initiative approached management of respondent about sponsorship of the women's softball team.

Respondent agreed to permit organization of the team, furnish the uniforms and some equipment and pay the league's entrance fee. Because of his knowledge of recreational programs, respondent's personnel manager agreed to assist the employees in finding a league in which the team could participate. Respondent did not require the team to join a particular league.

The manager first approached the city league, which had no openings for additional teams.

The team ultimately joined a league sponsored by the Greenville County Department of Recreation. The league required that the uniforms contain the name of the employer and that only employees play on the team.

When the team could find no suitable place to practice, they were permitted to use a field on property owned by respondent. However, the game at which appellant was injured was played at a public park away from respondent's premises.

The players were not required to participate nor were they rewarded for doing so. They provided their own transportion to and from practice and the games. The coach, who was selected by the players, received no compensation or benefits for her efforts.

In denying the compensation and dismissing the claim the trial judge applied the principles of *Pate v. Plymouth Mfg. Co.,* 198 S. C. 159, 17 S. E. (2d) 146 (1941). There, the court found an injury to a textile worker, who was returning from a softball game, was not "out of and in the course of employment" and, hence, was not 'compensable.

The court found participation on the softball team to be recreational activity primarily for the benefit of the employees and unrelated to their jobs.

The facts here, with minor exceptions, are nearly identical to those of *Pate*. Appellant's efforts to circumvent *Pate,* which she must for the injury to be compensable, are unpersuasive. Appellant had initially sought permission under Rule 8, Section 10 of the Rules of Practice of this Court to argue against the holding of *Pate,* but permission was denied.

Here, respondent did allow organizational meetings on company time. However, the company in *Pate* conferred

a similar benefit by permitting players to use the telephone in the mill office to schedule games.

Respondent here provided a practice field at the request of the employees. In *Pate,* the company similarly benefited the employees by occasionally allowing them to use a superintendent's automobile for transportation to the games.

Non-employees were allowed to play on the team in *Pate.* However, in this case, the league rules, not the policy of respondent, prohibited the participatiton of non-employees.

Finally, in this case, while respondent did allow recruiting posters to be posted on company property, such was done at the request of the employees.

We quote from the order of the trial judge adopted as part of the *Pate* opinion, ". . . it is impossible for me to see where the corporation had any connection with the ball club, other than from a charitable or benevolent standpoint to promote the social life of its workers," *Id.,* at 163, 17 S. E. (2d) 146.

We agree *Pate,* which the full commission never addressed in its award, controls. The commission's failure to apply its principles to this significantly similar factual situation is an error of law.

Therefore, we hold the injury was sustained as part of a recreational activity and not out of and in the course of employment. We affirm the order of the trial judge denying compensation and dismissing the claim.

Affirmed.

LITTLEJOHN and HARWELL, JJ., concur.

LEWIS, C. J., and NESS, J., dissent.

NESS, Justice (dissenting):

I respectfully dissent, concluding the majority erred in affirming the denial of workmen's compensation benefits to

appellant for injuries she sustained while participating on a company sponsored softball team.

The essential facts are not in dispute. Appellant was injured while playing softball for a company team after work hours in a public park. Respondents, Union Bleachery/Cone Mills contributed to the company's softball team as follows: (1) permitted organizational meetings on company time and recruiting posters on company property; (2) required the team to play in a recognized industrial league which prohibited the participation of non-employees; (3) provided entry fees, equipment and uniforms bearing the company name; and (4) renovated a former softball field for team practices on company land. Appellant does not allege the company paid, recruited, or required employees to play, nor does she contend that actual play or practice took place during working hours.

The majority, in denying benefits, erroneously relies on *Pate v. Plymouth Manufacturing Company, et al.,* 198 S. C. 159, 17 S. E. (2d) 146 (1941), in which this Court affirmed the denial of benefits under the Act for injuries sustained, by an employee while returning from a baseball game in which he had participated, because they did not "arise out of and in the course of his employment."

While there are similarities between this case and *Pate,* they are distinguishable regarding the *critical factor of employer involvement.* In *Pate,* the company participated only as a financial sponsor. Here, in addition to financial support, respondents allowed organizational meetings on company time, allowed recruiting posters on company property, renovated a practice field on company land and required the team to join the county league which prohibited the participation of non-employees.

In *Wilson v. General Motors Corp., et al.,* 98 N. Y. 468, 84 N. E. (2d) 781 (1949) the court of appeals reversed an award of benefits under the Act because the sole involve-

ment of the employer was that it furnished playing equipment and allowed conferences as to game details on company time.

Professor Larson, in discussing the *Wilson* case, stated:

"The facts supporting work-connection have been reduced in this case (*Wilson*) almost to the minimum that might law (*sic*) the basis for a claim; and that minimum has just failed to make the grade. One feels that a slight strengthening of the facts could easily have changed the narrow margin of defeat into one of success while a slight weakening of the facts would have left almost nothing on which to found a claim at all." Vol. 1A, Larson's Workmen's Compensation Law, § 22.24, p. 5-112.

In *Complitano v. Steel & Alloy Tank Co.*, 34 N. J. 300, 168 A. (2d) 809 (1961), the New Jersey Supreme Court reversed the denial of benefits for the reasons set forth in Judge Conford's dissent in *Complitano v. Steel & Alloy Tank Co.*, 63 N. J. Super. 444, 164 A. (2d) 792 (1960). Judge Conford, using the rationale of Professor Larson, quoted above, distinguished *Wilson* and held the employee should be compensated for an injury sustained in a softball game *after working hours* in a city sponsored league on his company's team. The company's involvement in *Complitano* consisted of financial support amounting to $300 (for league entry fee, uniforms inscribed with the company name and equipment). In addition the league's standings were printed in the local newspaper, the public attended the games and at the end of the season the company team upon winning the championship was rewarded by the employer with trophies and tickets to the World Series. The company's financial expenditure was approximately $300 as opposed to a weekly payroll of $20,000, and only a small percentage of the employees participated in the recreational activity. Judge Conford found the facts in *Complitano* to be stronger than those in *Wilson* thereby dictating a finding of compensability.

Here, the rationale of Professor Larson as utilized by Judge Conford and adopted by the New Jersey Supreme Court in *Complitano* controls the disposition of the issue raised herein. The involvement of respondents, both financial and non-financial, was greater than in *Wilson* or *Pate* and the injury to appellant was compensable under the Act as arising out of and in the course of employment. I would reverse the order of the circuit court and reinstate the award of benefits under the Workmen's Compensation Act to appellant, Nancy Smith.

Reversed.

LEWIS, C. J., concurs in result of dissent only.