24245

Jerry W. LEOPARD, Appellant v. BLACKMAN-UHLER, and Home Insurance Company, Carrier, Respondents.

(458 S.E. (2d) 41)

Supreme Court

*Andrew N. Poliakoff* and *Karen Lynn Kanes*, Spartanburg, *for appellant.*

*David M. Yokel*, Greenville, *for respondents.*

Heard Mar. 9, 1995.

Decided May 8, 1995.

TOAL, Justice:

Jerry Leopard appeals the Circuit Court's decision affirming the Workers' Compensation Commission's denial of workers' compensation benefits to Leopard. We affirm.

## FACTS

Leopard was injured while playing softball for the Blackman-Uhler team. Leopard filed an action with the Workers' Compensation Commission. The single commissioner held the injury arose out of and was in the course of Leopard's employment at Blackman-Uhler. The single commissioner awarded Leopard eleven weeks compensation and 5% disability. The full Commission reversed. The Circuit Court affirmed the Full Commission. Leopard appeals.

## LAW/ANALYSIS

Leopard contends he sustained a compensable injury while playing softball for the Blackman-Uhler team. We disagree.

In *Smith v. Union Bleachery/Cone Mills*, 276 S.C. 454, 280 S.E. (2d) 52 (1981) and *Pate v. Plymouth Mfg. Co.*, 198 S.C. 159, 17 S.E. (2d) 146 (1941) we addressed the issue of whether an injury while playing for a company softball team is compensable. In both *Smith* and *Pate* the injury was not compensable because the injury did not arise out of and in the course of employment.

In determining when recreational or social activities are within the course of employment, Professor Larson, the leading treatise author for workers' compensation issues, sets out three factors as follows:

Recreational or social activities are within the course of employment when

> (1) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or
> (2) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

(3) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life.

1A Arthur Larson and Lex Larson, *The Law of Workmen's Compensation* § 22.00 (1994).

> Specifically as to company teams
> [t]he law as developed on company athletic teams continues the pattern observed in other recreation cases: numerous cases both of awards and denials, frequently from the same states, resulting usually from the different "mix" in fact situations. Most of the same variables occur; on or off the premises and in or out of working hours; varying shades of employer initiative; differences in amount of employer contribution of money or equipment; differing quantities and types of employer benefits.

*Id.* § 22.24(a)

Applying Larson's factors to this case, we find Leopard's injury was not within the scope of his employment. *See Id.* § 22.24(b)-e).

(1) Time and place factor:
All of the games and practice were off the employer's premise. Some team meetings were held at lunch when the players were punched out on the clock. No softball activities were held during company time.
(2) Degree of employer initiative:
The team was organized by the employee initiative.
(3) Financial support and equipment furnished:
The employer furnished the equipment, including uniforms, and paid the League dues. None of the players nor the coach received compensation for playing on the company softball team.[1]
(4) Employer benefit in company team:
The team uniforms bore the company logo. The results of the games were published in the local newspaper.

---

[1] There was some evidence that Leopard may have been hired because he was a good ball player. Leopard played ball for two years in the military. He was hired part-time at the company and attended softball practice prior to being hired full-time. Part-time employees are not eligible to play in the

Furnishing equipment, uniforms and league dues coupled with the remote advertising benefit to the company of a successful company softball team fall short of bringing Leopard's injury within the scope of his employment at Blackman-Uhler.

Leopard urges us to adopt the "totality of circumstances" test of Am. Jur. Proof of Facts.[2] 42 POF (2d) *Workers' Compensation: Injury Occurring During Social, Recreational, or Athletic Activity* 42-481 § 12 (1985). Under this test, all of the relevant facts and circumstances are weighed to determine whether the injury arose out of and was within the scope of employment. Whether the Larson's factors or the totality of circumstances test is applied to the facts here, under either the result is the same. Leopard has failed to prove the injury arose out of and was within the course of his employment with Blackman-Uhler. We affirm.

Affirmed.

FINNEY, C.J., MOORE and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

league. According to Leopard, the supervisor/coach facilitated Leopard's full-time employment with the company so that Leopard could play softball. The supervisor/coach, however, denied any involvement. Leopard was not hired by the supervisor/coach and Leopard worked in a different department.

[2] Am. Jur. Proof of Facts, *Workers' Compensation*, sets out eleven elements as follows: (1) time of activity; (2) place of activity; (3) date of activity; (4) nature and purpose of activity; (5) actual compulsion to attend or participate in activity; (6) indirect pressure on employee to attend or participate in activity; (7) benefits derived by employer from activity in question; (8) cumulative benefits derived by employer from other employee activities; (9) employer's involvement in activity; (10) customary nature of activity; and (11) status of activity as consideration of employment.