THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ray Anthony Pickett, Employee/Claimant,       
Appellant,
 
 
 

v.

 
 
 
Borden Decorative c/o Cosco, Employer, and 
 Cigna, Carrier,        Defendants,
of whom Borden Decorative c/o Cosco, Employer 
 is the,        Respondent.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2003-UP-626
Submitted October 6, 2003  Filed October 
 21, 2003

AFFIRMED 

 
 
 
J. Marvin Mullis, Jr., of Columbia, for Appellant.
James R. Courie, of Columbia, for Respondent.
 
 
 

 PER CURIAM:  Affirmed pursuant 
 to Rule 220(b)(2), SCACR, and the following authorities:  Lark v. Bi-Lo, 
 Inc., 276 S.C. 130, 134, 276 S.E.2d 304, 306 (1981) (holding the South Carolina 
 Administrative Procedures Act establishes the standard of judicial review for 
 decisions of the Workers Compensation Commission); S.C. Code Ann. § 1-23-380(A)(6) 
 (Supp. 2002) (stating this Court may not substitute its judgment for that of 
 the Commission as to the weight of the evidence on questions of fact but may 
 reverse where the decision is affected by an error of law); Smith v. Union 
 Bleachery/Cone Mills, 276 S.C. 454, 456, 280 S.E.2d 52, 53 (1981) (holding 
 an appellate court may reverse or modify an agencys decision if substantial 
 rights of the appellant have been prejudiced because the administrative findings, 
 inferences, conclusions or decisions are . . . affected by other error of law 
 (quoting S.C. Code Ann. § 1-23-380(A)(6));  Lyles v. Quantum Chem. Co., 
 315 S.C. 440, 445, 434 S.E.2d 292, 296 (Ct. App. 1993) (holding this Court will 
 not set aside findings of the Workers Compensation Commission unless they are 
 not supported by substantial evidence or are controlled by error of law); Miller 
 by Miller v. State Roofing Co., 312 S.C. 452, 454, 441 S.E.2d 323, 324 (1994) 
 (Substantial evidence is not a mere scintilla of evidence nor the evidence 
 viewed blindly from one side of the case, but is evidence which, considering 
 the record as a whole, would allow reasonable minds to reach the conclusion 
 that the administrative agency reached or must have reached in order to justify 
 its action.); Smith, 276 S.C. at 456, 280 S.E.2d at 53 (holding where 
 the facts are undisputed, the question of whether an accident is compensable 
 is a question of law); Clade v. Champion Labs., 330 S.C. 8, 11, 496 S.E.2d 
 856, 857 (1998) (holding the claimant has the burden of proving facts that will 
 bring the injury within the workers compensation law); Baggott v. Southern 
 Music, Inc., 330 S.C. 1, 5, 496 S.E.2d 852, 854 (1998) (holding to be compensable 
 under the Workers Compensation Act, an injury by accident must both arise 
 out of and in the course of employment); Id. ([A]rising out of 
 refers to the origin of the cause of the accident; in the course of refers 
 to the time, place, and circumstances under which the injury occurred.); Douglas 
 v. Spartan Mills, Startex Div., 245 S.C. 265, 269, 140 S.E.2d 173, 175 (1965) 
 ([An injury] arises out of the employment, when . . . a causal connection 
 [exists] between the conditions under which the work is required to be performed 
 and the resulting injury . . . . [Thus,] . . . if the injury can be seen to 
 have followed as a natural incident of the work[,] it arises out of the employment 
 . . . [However,] . . . [injuries are excluded if they] cannot fairly be traced 
 to the employment as a contributing proximate       cause . . . [or if they] 
 come[] from a hazard to which the workmen would have been equally exposed apart 
 from the employment.  The causative danger must be peculiar to the work and 
 not common to the          neighborhood . . . . (quoting Employers 
 Liab. Assurance Corp., 102 N.E.2d 697, 697 (1913) (alterations added))); 
 Bridges v. Elite, Inc., 212 S.C. 514, 520, 48 S.E.2d 497, 499 (1948) 
 (holding, although employee was shot with a gun while at work, the shooting 
 arose out of employees private life, and thus, the injuries sustained as a 
 result thereof were not compensable).
AFFIRMED. 
 [1] 
STILWELL, HOWARD, and KITTREDGE,   
 JJ., concurring.

 
 [1] Because oral argument would not aid the Court 
 in resolving any issue on appeal, we decide this case without oral argument 
 pursuant to Rule 215, SCACR.