THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Stephen C. Whigham, Employee, Appellant,
 v.
 Jackson Dawson Communications, Employer, and The Hartford, Carrier, Respondents.
 
 
 

Appeal From the Appellate Panel 
 South Carolina Workers' Compensation
Commission

Unpublished Opinion No.  2012-UP-223
Heard March 20, 2012-Filed April 11, 2012  

AFFIRMED

 
 
 
 Douglas A. Churdar, of Greenville, for Appellant.
 Benjamin M. Renfrow, of Greenville, for Respondents. 
 
 
 

PER CURIAM:  In this workers' compensation case, Stephen
 C. Whigham argues the South Carolina Workers' Compensation Commission (the
 Commission) erred in finding Whigham failed to satisfy the burden of proving
 the occurrence of a compensable accident.  We find no error of law in the
 Commission's decision to deny Whigham's claim and we find the decision to be
 supported by substantial evidence of record; therefore, we affirm pursuant to
 Rule 220(b)(1), SCACR, and the following authorities:  S.C. Code Ann. §
 1-23-380(5)(d), (e) (Supp. 2011) (providingthis court may not substitute its judgment for that of the
 Commission as to the weight of the evidence, but may reverse when the decision
 is affected by an error of law or clearly erroneous in view of the reliable,
 probative, and substantial evidence on the whole record); Hill v. Eagle
 Motor Lines, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial
 evidence is that evidence which, in considering the record as a whole, would
 allow reasonable minds to reach the conclusion the Commission reached."); Sharpe
 v. Case Produce, Inc., 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("The
 possibility of drawing two inconsistent conclusions from the evidence does not
 prevent the Commission's finding from being supported by substantial
 evidence.");Leopard
 v. Blackman-Uhler, 318
 S.C. 369, 371, 458 S.E.2d 41, 42 (1995) (finding an injury sustained while
 participating in a company sponsored softball game did not arise out of and in
 the course of employment); Smith v.
 Union Bleachery/Cone Mills, 276 S.C.
 454, 458, 280 S.E.2d 52, 54 (1981) (finding injury sustained while
 participating on company sponsored softball team not compensable); Grice v.
 Nat'l Cash Register Co., 250 S.C. 1, 5, 156 S.E.2d 321, 323 (1967) (finding
 death from automobile accident while returning from company picnic was not
 compensable because picnic was mere recreational activity); Pate v. Plymouth
 Mfg. Co., 198 S.C. 159, 164-66, 17 S.E.2d 146, 148-49 (1941) (finding
 injury sustained while returning from company baseball team's game not
 compensable because game was merely a recreational activity); 2 Lex K. Larson, Larson's Workers'
 Compensation Law § 22.01 (Matthew Bender, Rev. Ed. 2011) (outlining test
 for determining when recreational or social activities are within the course of
 employment).
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.